UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JENNIFER A.,

                    Plaintiff,    1:21-cv-10194-NLH

v.                                **OPINION**

COMMISSIONER OF SOCIAL
SECURITY,[1]

_____


**APPEARANCES:**

JENNIFER A.

     *Pro se*

KENNETH DIVITO
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

     *On behalf of the Commissioner*


**HILLMAN**, District Judge

     This matter comes before the Court pursuant to Section

205(g) of the Social Security Act, as amended, 42 U.S.C. §

405(g), regarding Plaintiff's application for Disability

Insurance Benefits ("DIB")[2] under Title II of the Social Security

_____

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner
of the Social Security Administration.

[2] DIB is a program under the Social Security Act to provide

Act.  42 U.S.C. § 423, et seq.  Plaintiff presently moves to
compel the addition of certain documents to the administrative
record prior to the Court opining on whether the Administrative
Law Judge ("ALJ") erred in finding that there was "substantial
evidence" that Plaintiff was not disabled at any time since his
alleged onset date of disability, January 30, 2008.  (ECF 10).
For the reasons stated below, this Court will deny the motion to
compel and set a briefing schedule for the merits of Plaintiff's
appeal.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On September 18, 2017, Plaintiff filed a pro se application
for DIB, alleging that she became disabled on January 30, 2008.[3]
(R. at 24).  Plaintiff claims that she cannot work because of
her impairments of post-traumatic stress disorder ("PTSD") and
ulcerative colitis.[4]  (Id. at 174).

---

disability benefits when a claimant with a sufficient number of
quarters of insured employment has suffered such a mental or
physical impairment that the claimant cannot perform substantial
gainful employment for at least twelve months.  42 U.S.C. § 423
et seq.

[3] On the alleged onset date, Plaintiff was 43 years old, which is
defined as a "younger person" (age 49 and under).  20 C.F.R. §
404.1563.

[4] The ALJ noted more medical impairments in his opinion than
those Plaintiff listed in her application.  Specifically, the
ALJ found severe impairments of anxiety, obsessive-compulsive
disorder, and PTSD.  (Id. at 26).  He found Plaintiff to have
non-severe impairments of inflammatory bowel disease, colitis,
gastrointestinal disorders, drug addiction and alcoholism, and

Plaintiff's claim was denied initially and upon reconsideration.  (Id. at 24).  Plaintiff then requested a hearing before an ALJ.  (Id.)  Plaintiff first appeared before the ALJ on November 13, 2019 with a friend that she sought to have appear as her representative.  (Id. at 116-19).  At that hearing, the ALJ determined that the friend did not have the requisite background in disability law to appear as her representative but stated that he would consider the friend's testimony as a fact witness.  (Id.)  He then, with Plaintiff's consent, adjourned the hearing so that Plaintiff could retain appropriate counsel to represent her at the hearing.  (Id.)

Before the session ended on November 13, 2019, Plaintiff inquired as to whether the ALJ would be considering an award of disability benefits that she received from the Social Security Administration (the "SSA") in 1996 when he rendered a decision on her instant application.  (Id. at 135-39).  The ALJ explained to Plaintiff that since this was not a proceeding based on re-entitlement to benefits, but rather a new application for DIB, information regarding Plaintiff's 1996 benefits was not needed to resolve the instant application.  (Id.)  He clarified, though, that Plaintiff could submit further records that she wanted him to consider.  (Id.)

---

cerumen impaction.  (Id.)

On March 3, 2020, Plaintiff again appeared with her friend for a hearing on her DIB application.  (Id. at 41).  She had not retained a representative and the ALJ conducted the hearing with Plaintiff representing herself.  (Id. at 42-43).  In addition to taking testimony from Plaintiff, the ALJ took testimony from her friend and a vocational expert ("VE").  (Id. at 42-93).  At the end of the hearing, he advised Plaintiff that he would keep the record open for 30 days in case she wanted to submit more documentation for his consideration.  (Id. at 95-96).

On May 5, 2020, the ALJ issued an unfavorable decision. (Id. at 21).  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on February 18, 2021, making the ALJ's decision final.  (Id. at 7).  Plaintiff commenced this action for review of the Commissioner's decision on May 13, 2021.[5]

The Commissioner filed the administrative record on the docket on August 7, 2021.  (ECF 8).  Shortly, thereafter, on August 26, 2021, Plaintiff filed a letter alleging that the administrative record was incomplete because it (1) did not

---

[5] Section 405(g) generally provides that a claimant must commence an appeal in a district court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  In this case, the Commissioner explicitly granted Plaintiff an extension of time to file her appeal.  (R. at 1).

4

contain documents related to her 1996 award of disability benefits; (2) did not contain a Freedom of Information Act ("FOIA") request that she submitted to the SSA in June 2021; (3) did not contain an exchange between the ALJ and VE that took place during the March 3, 2020 hearing; and (4) did not contain a letter that her Congressman sent on her behalf to the SSA while her case was before the Appeals Council.  (ECF 9 at 1-2).

On October 25, 2021, she followed up that letter with another styled as a motion to compel completion of the administrative record.  (ECF 10).  In that submission, she largely restated her qualms from her August letter, but specifically enumerated four types of records she sought to compel relating to her 1996 disability determination: (1) all records in her SSA file regarding her 1996 award of disability benefits; (2) all history leading up to that award; (3) all payments related to the award; and (4) all records of communications that she had with SSA employees.  (Id. at 1). She also asked the Court to sanction the SSA.  (Id. at 2).  The Commissioner filed a letter in opposition on November 17, 2021 (ECF 11) and Plaintiff filed a reply on December 16, 2021 (ECF 12).

## II.  DISCUSSION

### A.  Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial

review of the Commissioner's decision to deny a complainant's
application for social security benefits.  Ventura v. Shalala,
55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold
the Commissioner's factual decisions where they are supported by
"substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3);
Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v.
Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan,
970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means
more than "a mere scintilla."  Richardson v. Perales, 402 U.S.
389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305
U.S. 197, 229 (1938)).  It means "such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion."  Id.  The inquiry is not whether the reviewing
court would have made the same determination, but whether the
Commissioner's conclusion was reasonable.  See Brown v. Bowen,
845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its
totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir.
1984).  "[A] court must 'take into account whatever in the
record fairly detracts from its weight.'"  Schonewolf v.
Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks
v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th
Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S.
474, 488 (1951)).

A reviewing court, however, does not have the power to consider evidence that was not in the administrative record. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("Sentence Four of § 405(g) provides that '[t]he court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'") (quoting 42 U.S.C. § 405(g)) (emphasis in original).

A claimant seeking to supplement the record that was before the ALJ must show that the evidence is new and material and show good cause for the evidence not having been previously incorporated into the record.  Id. ("Thus, we have recognized that evidence first presented to the district court must not only be new and material but also be supported by a demonstration by claimant of 'good cause for not having incorporated the new evidence into the administrative record.'") (quoting Szubak v. Sec'y of HHS, 745 F.2d 831, 833 (3d Cir.1984)).  In assessing materiality, the new evidence must be pertinent to the time period during which a claimant must show disability.  O'Keefe v. Colvin, No. CIV.A. 12-3486, 2015 WL 4496572, at *5 n.14 (E.D. Pa. July 20, 2015) ("'An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not

concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'") (quoting <u>Szubak</u>, 745 F.2d at 833).

Where the reviewing court finds good cause, it may not review the new materials itself but must remand the materials to SSA so that the ALJ can review the material and make a decision. <u>Matthews</u>, 239 F.3d at 593 ("However, when the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ[.]").

**C.  Analysis**

Here, Plaintiff's letters to the Court reveal that she is not addressing whether or not the Commissioner's decision was supported by "substantial evidence" but rather attacking the completeness of the administrative record on which this Court must base its review.  In liberally construing Plaintiff's submissions,[6] the Court understands four areas where Plaintiff contends the record is incomplete.

First, she argues that the record should contain all documentation pertaining to an award of disability benefits she

---

[6] <u>United States v. Delgado</u>, 363 F. App'x 853, 855 (3d Cir. 2010) ("We have long held that courts must liberally construe pro se filings with an eye toward their substance rather than their form.").

8

obtained from the SSA in 1996, benefits terminated when she
returned to work in 2000.  (ECF 9 at 1; R. at 13).  Second, she
argues that the record should include a FOIA request that she
submitted to the SSA in June 2021 to produce her file related to
her 1996 award of disability benefits.  (ECF 9 at 1).  Third,
she argues that the record is missing a discussion that the ALJ
had with the VE at her hearing regarding her need for close
access to a bathroom.  (Id.)  Fourth, she contends that a letter
that was sent by her Congressman to the SSA while her matter was
before the Appeals Council should be included in the record that
was transmitted to this Court.  (Id.)  While some of the
materials could be considered new in that they post-date the
decision of the ALJ, Plaintiff has not explained how these
documents are material nor has she proffered good cause for why
this Court should remand her case to the SSA to include the
requested information in her file for review by the ALJ.
Matthews, 239 F.3d at 593.

Regarding Plaintiff's first point, her 1996 disability
determination, which terminated by a return to work some
seventeen years before her renewed application for benefits, was
not directly relevant to her current application for DIB.  As
the ALJ explained to Plaintiff at her hearing, Plaintiff
submitted a new application for DIB, not a request for
reinstatement of her old benefits.  (R. at 135-139).  The

deadline to file a request for reinstatement of benefits that were terminated due to the claimant having engaged in substantial gainful activity is five years from the date of termination.  20 C.F.R. § 404.1592d(d) ("We must receive your request within the consecutive 60-month period that begins with the month in which your entitlement terminated due to doing substantial gainful activity.").  Plaintiff's instant application, even generously construing it as a request for reinstatement, was filed years after the five-year deadline to file for reinstatement of her 1996 benefits.

In terms of the medical history that an ALJ must review in connection with a new application for benefits, the regulations provide that the ALJ will develop the record for the 12-month period prior to the application for benefits, provided that the claimant does not contend that the disability arose less than 12 months before filing an application.  20 C.F.R. § 404.1512(b)(1) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your

application.").[7]  To require the ALJ to develop a record further back in time would shift the burden of proof, which is otherwise on the claimant to provide medical information pertinent to her claim.  Serrano v. Kijakazi, No. CV 20-3985, 2021 WL 4477137, at *9 (E.D. Pa. Sept. 30, 2021) ("The claimant bears the burden of proving that he or she is disabled and, consequently, is responsible for producing evidence in support of his or her claim. Here, the ALJ was obligated only to ensure that there was a sufficient record for at least the 12-month period preceding the July 27, 2017 date the application was filed."); Keveanos v. Berryhill, No. CV 18-3421, 2019 WL 1500624, at *8 (D.N.J. Apr. 5, 2019) ("It is the claimant's burden to prove that he or she is disabled. 20 C.F.R. § 404 1512 (a)(1). This requires that the claimant submit or inform the [SSA] of 'all evidence known to' the claimant 'that relates to whether or not [the claimant is] blind or disabled.'").

In this case, the ALJ repeatedly asked Plaintiff if the record was complete, and Plaintiff did not indicate that the information related to the 1996 disability determination needed

---

[7] This is not to say that it would have been error for the ALJ to consider Plaintiff's earlier medical history, including that related to her 1996 award of disability benefits, only that it was not required.  Byers v. Saul, No. 3:19-CV-12247, 2021 WL 870819, at *6 (D.N.J. Mar. 9, 2021) ("Although evidence that predates a claimant's alleged disability onset date is not entitled to any particular weight, an ALJ may nevertheless consider such evidence in considering the claim.").

11

to be included.  (R. at 47, 53).  The ALJ explained why that
material was not required for the instant disability
determination and Plaintiff did not contest that determination.
(Id. at 135-139).  The ALJ further told Plaintiff that he would
leave the record open for 30 days after the hearing in case
Plaintiff wanted to add to it.  (Id. at 53).

Regarding Plaintiff's FOIA request and the letter sent to
the SSA by her Congressman, Plaintiff has not shown that those
records are material or good cause as to why they were not
previously presented to the ALJ.  Matthews, 239 F.3d at 593.
Plaintiff's argument that the FOIA request should be in the
record is essentially a duplication of her argument that the ALJ
had to consider her 1996 disability determination.  As outlined
above, the instant application was not for reinstatement of the
1996 benefits and the ALJ was only required to develop the
record for the 12-month period preceding the application for
benefits.  20 C.F.R. § 404.1512(b)(1).  Separately, the FOIA
request, itself, was sent in June 2021, well after the ALJ
closed the record.  (ECF 10 at 1).  Plaintiff does not proffer
any reason why the request itself should be considered material
information to her claim let alone good cause as to why she
could have not filed her FOIA request and the submitted the
results to the ALJ prior to his determination.  The same is true
of Plaintiff's Congressman's letter to the SSA.  That letter was

also sent after the record was closed.  (See ECF 11 at 2).
There is no indication that the letter had any bearing on
whether the ALJ's determination was based upon "substantial
evidence."  Put simply, there is no indication that the FOIA
request, itself, or the Congressman's letter contained pertinent
medical information or information otherwise illustrative of
Plaintiff's conditions that would have been relevant to
Plaintiff's disability determination.  Burnett v. Comm'r of Soc.
Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000) (discussing ALJ's
duty to consider evidence that a claimant has a medically
determinable impairment or combination of impairments that would
render her disabled under the regulations).  And both the FOIA
request and the Congressman's letter are new only in the sense
that Plaintiff sought to submit that information after the
record was closed even though it was presumably available to her
much earlier.

Finally, Plaintiff's argument that the record does not
contain a discussion between the VE and the ALJ regarding a
hypothetical need for a person with Plaintiff's conditions to
have close access to a bathroom is belied by the text of the
record.  The record, in fact, contains an exchange between the
VE and ALJ regarding access to a restroom and how that would
affect an individual with Plaintiff's impairments' ability to
work.  (R. at 90).

13

Overall, none of Plaintiff's arguments about the completeness of the record leads the Court to believe that remand is appropriate or that Plaintiff was denied due process. The fact that the ALJ did not consider certain documents that he was not under the regulations required to consider, records available to the Plaintiff before the close of the evidence, is not a violation of Plaintiff's due process rights. Booker v. Colvin, No. CV 14-4984, 2017 WL 914911, at *10 n.15 (E.D. Pa. Mar. 7, 2017) ("[B]ecause the ALJ was not required to consider these irrelevant reports, there are no due process concerns stemming from the ALJ not considering these reports."). Thus, Plaintiff's motion to compel completion of the administrative record is without merit.

**III. Conclusion**

For the reasons expressed above, Plaintiff's motion to compel the addition of certain documents to the administrative record will be denied.[8]  Plaintiff shall have 30 days from the date of the Order accompanying this Opinion to file a brief stating her position as to whether or not the ALJ's

---

[8] Implicit in this denial is a denial of Plaintiff's request that the Court sanction the SSA as there appears to be no basis for the Court to do so.  Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (discussing the high bar for the imposition of sanctions and stating, "Because of their very potency, inherent powers must be exercised with restraint and discretion.").

determination was otherwise supported by substantial evidence. The Commissioner shall have 14 days thereafter to file any brief in opposition.  Plaintiff may file a reply brief within 14 days of the Commissioner's filing of an opposition brief.

An accompanying Order will be issued.


Date: August 7, 2022            s/  Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.